IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00333-GPG

LUCAS EDWARDS,

      Plaintiff,

v.

LARRY DESBIEN, Director, Colorado State Child Support Services,
REGGIE BUCHA, Executive Director, Child Enforcement Services, and
COURTNEY JONES, Non Custodial Parent,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lucas Edwards, is detained in the Arapahoe County Detention Facility,

in Centennial, Colorado.  He has filed, *pro se*, a Prisoner Complaint pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Edwards alleges in the Complaint that in

2005, the Arapahoe County District Court, in Case No. 05DR2718, granted him full

custody of the child he shared with Defendant Courtney Jones, and ordered Defendant

Jones to pay $275.00 per month in child support.  He further alleges that Child

Enforcement Services is required by law to locate, enforce and collect (distribute) child

support payments, but has failed to locate, and collect payments from, Defendant

Jones.  According to Plaintiff, Colorado State Child Support Services, which oversees

Child Enforcement Services, "closed" the case in 2013 "due to the non-custodial parent

not being located in the last three years."  (ECF No. 1, at 3, 9).  Mr. Edwards asserts

that the Defendants violated his federal due process rights, and engaged in

"misrepresentation or fraud" by failing to adhere to the agencies' child support

enforcement obligations.   (*Id.* at 5, 8, 15).  He also claims that Defendant Jones is in

"contempt of court" for failing to comply with the child support order.  (ECF No. 1, at 4).

For relief, Plaintiff seeks an order requiring his child support case be re-opened with the

state agencies, that he be paid all past due child support payments, and punitive

damages.

The Court construes the Complaint liberally because Mr. Edwards is not

represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below,

Plaintiff will be directed to file an Amended Complaint.

## I.  Eleventh Amendment Immunity

It is unclear from the Complaint whether Mr. Edwards is suing the individual

Defendants in their official capacities, individual capacities, or both.  Official capacity

claims against Defendants Desbien and Bucha, who are the directors of state welfare

(collectively the "State Agency Director Defendants"), are construed against the State of

Colorado.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted

against government officials in their official capacities are construed against the

governmental entity).   The State and its agencies are entitled to Eleventh Amendment

immunity, absent a waiver.  *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th

Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state

and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250,

1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh

Amendment immunity).  Congress did not abrogate Eleventh Amendment immunity

through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the CDOC

expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-

45 (10th Cir.1988).  The Eleventh Amendment prohibits suit against a state entity,

regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d

638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400,

271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).  Accordingly, Mr.

Edwards cannot obtain a judgment for damages against the individual Defendants,

sued in their official capacities.  However, to the extent the Complaint asserts a

cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking

prospective injunctive relief.  *See Ex Parte Young*, 209 U.S. 123 (1908); *see also*

*Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit

against a state official in his or her official capacity seeking prospective injunctive relief

is not . . . against the state for Eleventh Amendment purposes.").

## II.  Individual Liability under § 1983

### A.  Defendant Jones

Mr. Edwards' claims against Defendant Courtney Jones, the non-custodial

parent, are not cognizable under § 1983, which provides a remedy for the deprivation of

a right secured by the Constitution or federal statute, committed under color of state

law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Like the

state-action requirement of the Fourteenth Amendment, the under-color-of-state-law

element of § 1983 excludes from its reach merely private conduct, no matter how

3

discriminatory or wrongful." *Id*. at 50 (quotation marks omitted).

Private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id*. (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

There are no allegations in the Complaint suggesting that Defendant Jones' disappearance and failure to pay court-ordered child support was fairly attributable to the State.

Moreover, to the extent Plaintiff wishes to take legal action against Defendant Jones for failure to comply with a state court order for child support, his remedy is in the state courts. *See generally Vaughan v. Smithson*, 883 F.2d 63, 64 (10th Cir.1989) (discussing the domestic relations exception to federal jurisdiction); *see also Penzoil Co v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (recognizing "the importance to the States of enforcing the orders and judgments of their courts").

Accordingly, Defendant Jones appears to be an improper party to this action.

### B. State Agency Director Defendants

The Court next addresses the State Agency Director Defendants' potential

4

liability, in their individual capacities, under § 1983, for allegedly failing to locate and secure child support payments from Defendant Cox.

### 1.  Due Process

Plaintiff asserts that the State Agency Director Defendants violated his Fourteenth Amendment due process rights by failing to comply with state statutes and rules that require the agencies to locate, enforce, and collect and distribute child custody payments ordered by the court.

 The Fourteenth Amendment protects citizens from the deprivation of "life, liberty, or property, without due process of law . . . " U.S. Const. amend. XIV, § 1.  An individual generally must be provided some kind of process before he is deprived of one of these protected interests. *Bd. of Regents of State Colleges. v. Roth*, 408 U.S. 564, 569-70 & n. 7 (1972); *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.  Such entitlements are defined by state law.  *Id.*; *Ribeau v. Katt*, 681 F.3d 1190, 1994 (10th Cir. 2012).  "A property interest must be specific and presently enforceable."  *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 (10th Cir. 1993).

Mr. Edwards, as the custodial parent, may have a protected property interest in the enforcement of a state court order against the non-custodial parent for the payment of child support. *See Hill v. Ibarra*, 954 F.2d 1516, 1524 (10th Cir. 1992).  However, Plaintiff does not allege any facts to show that the State Director Defendants have

precluded or impeded him from collecting the support payments to which his child is entitled. *See id.* (rejecting due process claim brought by child support obligee against social services agency because the defendant had not done anything to interfere with the obligee's collection rights).  Mr. Edwards complains that the state agencies have failed to locate, and collect payments from, Defendant Jones, but he does not allege that the State Agency Director Defendants have prevented him from engaging in his own collection efforts.  *See*, *e.g.*, *People in Interest of D.C.*, 797 P.2d 840, 844 (Colo. App. 1990) (rejecting child support obligee's due process claim because "the Department's actions in seeking to collect arrearages did not deprive petitioner of her right to receive current support nor did they substantially impair her ability to collect such support. . . . Petitioner was free to seek her own wage assignment which would have taken priority over that of the Department.").

Plaintiff also claims a protected property interest pursuant to the provisions of the Colorado Child Support Enforcement Act, COLO. REV. STAT. §§ 26-13-101, *et seq.* (2014).  In order for a statute to create a constitutionally protected liberty or property interest, it must contain "'explicitly mandatory language' that links 'specified substantive predicates' to prescribed outcomes." *Miller v. Crystal Lake Park Dist.*, 47 F.3d 865, 867 (7th Cir.1995) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 and n. 5 (1995)).  The state statute at issue here does not require the state agencies to locate non-custodial parents and to collect child custody payments.  *See generally* § 26-13-114, *et seq.*  Instead, it merely provides for the establishment of such support services

6

and the means available for collecting custody payments.  *Id.*  Plaintiff's reliance on other state statutes is equally unavailing.  *See* § 14-5-308, C.R.S. (authorizing Colorado Attorney General to order state support enforcement agency to perform its statutorily-prescribed duties); § 14-5-207, C.R.S., (determination of controlling child support order).  As such, Plaintiff does not appear to have a legitimate claim of entitlement under Colorado state statutes for the location of non-custodial parents for the purpose of securing court-ordered child support payments.  *See Thompson*, 490 U.S. at 462 (where state statute does not direct that "a particular outcome must follow," it cannot give rise to a constitutionally-protected liberty interest).

Finally, to hold the State Director Defendants liable under § 1983, Plaintiff must allege facts to show that each Defendant personally participated in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role

must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Accordingly, the Complaint, as pleaded, fails to state an arguable due process claim against the State Agency Director Defendants.

### 2.  Title IV-D of Social Security Act

Title IV–D of the Social Security Act, 42 U.S.C. §§ 651–669b, establishes requirements with which participating state-run, child-support-enforcement programs must comply in order to receive federal funding. *See Blessing v. Freestone*, 520 U.S. 329, 333-35 (1997); *see also* 42 U.S.C. § 651 (Title IV-D creates a child support enforcement program "to enforce support obligations owed by absent parents, establish paternity, and [to obtain] child and spousal support.").  The implementing regulations require that the state's IV–D agency attempt to locate the absent parent or assets or other sources of income within 75 days of determining that location is necessary. 45 C.F.R. Part 303.3(b)(3).  It is unclear whether Title IV-D is implicated by Plaintiff's allegations.  To the extent Title IV-D is at issue, Mr. Edwards cannot pursue a § 1983 claim for violation of that statute, or its implementing regulations.

In *Maine v. Thiboutot*, the Supreme Court determined that § 1983 safeguards certain rights conferred by federal statutes, as well as federal constitutional rights.  448 U.S. 1, 4 (1980).  However, the plaintiff must assert the deprivation of a federal right, not just the violation of a federal law. *Blessing*, 520 U.S. at 340.

In *Blessing*, five mothers whose children were eligible to receive child support services from the State of Arizona brought a § 1983 suit based on the State's violation

8

of Title IV D of the Social Security Act. The plaintiffs alleged that they had an enforceable individual right to have the State achieve "'substantial compliance'" with Title IV-D's requirements.  520 U.S. at 332-33.  The Supreme Court held that the plaintiffs did not have an individual right federal right under Title IV-D that is enforceable under § 1983.  520 U.S. at 340-43.   The Court stated:

> Far from creating an individual entitlement to services, the standard
> [substantial compliance with the statute] is simply a yardstick for the
> Secretary to measure the systemwide performance of a State's Title IV–D
> program. Thus, the Secretary must look to the aggregate services
> provided by the State, not to whether the needs of any particular person
> have been satisfied. . . .

520 U.S. at 343.

In *Blessing*, the Supreme Court did "not foreclose the possibility that some provisions of Title IV-D give rise to individual rights . . . . "  520 U.S. at 345.

Although the Tenth Circuit has not addressed the issue, two Circuit Courts of Appeal have rejected § 1983 claims by child support obligees to enforce specific provisions of Title IV-D and its implementing regulations.  *See Clark v. Portage County, Ohio,* 281 F.3d 602, 604-05 (6th Cir. 2002) (holding that plaintiff did not have an individual right to enforce the provisions of 42 U.S.C. § 654(4)(B) and (8) (providing that the state will enforce a child support obligation and "use all sources of information and available records" to locate the non-custodial parent); 45 C.F.R. § 303.3 (setting forth guidelines that states must employ to locate non-custodial parent); and, 45 C.F.R. § 303.6 (stating that a state must maintain and use an "effective system" in enforcing payment obligations); *Cuvillier v. Taylor*, 503 F.3d 397, 405 (5th Cir. 2007) (agreeing with *Clark* that "the simple lack of effectiveness by a state in enforcing support

9

obligations does not alone give rise to an individual right [of enforcement under Title IV-D].").

Mr. Edwards relies on the same provisions of Title IV-D and its implementing regulations that have been found not to create a private right of action under § 1983.

Accordingly, it is

ORDERED that Plaintiff, Lucas Edwards, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, this action will be dismissed without further notice for the reasons discussed above.

DATED March 2, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
United States Magistrate Judge