IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00333-GPG

LUCAS EDWARDS,

Plaintiff,

v.

LARRY DESBIEN, Director, Colorado State Child Support Services,
REGGIE BUCHA, Executive Director, Child Enforcement Services, and
CHERYL TERNES, Child Support Services, Arapahoe Branch Director, and
RANDA ALSHAMI, Legal Technician, Arapahoe Branch,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Lucas Edwards, is detained in the Arapahoe County Detention Facility,

in Centennial, Colorado.  He initiated this action by filing, *pro se*, a Prisoner Complaint

pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Edwards has been granted

leave to proceed pursuant to 28 U.S.C. § 1915.

On March 2, 2015, Magistrate Judge Gallagher reviewed the Complaint and

determined that it was deficient because Plaintiff could not maintain a § 1983 action

against former Defendant Jones, the non-custodial parent[1]; the allegations of the

Complaint failed to state an arguable due process claim against Defendants Desbien

and Bucha; and, Plaintiff does not have a private right of action under Title IV–D of the

Social Security Act, 42 U.S.C. §§ 651–669b, that is enforceable under § 1983.

---

[1]Plaintiff lists Defendant Jones in the caption of the amended complaint, but identifies her as "removed."  He also states elsewhere in the Amended Complaint that he is no longer suing Defendant Jones.  (ECF No. 12, at 5).

Magistrate Judge Gallagher ordered Plaintiff to file an Amended Complaint, within thirty

(30) days of the March 2 Order, to allege additional facts that would support an arguable

due process claim against the individual Defendants.  Mr. Edwards filed an Amended

Complaint on March 31, 2015.  (ECF No. 12).

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte*

an action at any time if the action is frivolous or seeks monetary relief against a

defendant who is immune from such relief.  A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court construes the Amended Complaint liberally because Mr. Edwards is

not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, this

action will be dismissed.

## I.  Plaintiff's Allegations

Mr. Edwards alleges in the original Complaint that in 2005, the Arapahoe County

District Court, in Case No. 05DR2718, granted him full custody of the child he shared

with Courtney Jones, and ordered Ms. Jones to pay $275.00 per month in child support.

He further alleges that Colorado Child Enforcement Services is required by law to

locate, enforce and collect (distribute) child support payments, but has failed to locate,

and collect payments from Ms. Jones.  According to Plaintiff, Colorado State Child

Support Services, which oversees Child Enforcement Services, "closed" the case in

2013 "due to the non-custodial parent not being located in the last three years."  (ECF No. 1, at 3, 9).  Mr. Edwards asserts that the Defendants, who are agents or employees of the state agencies, violated his federal due process rights, and engaged in "misrepresentation or fraud" by failing to adhere to the agencies' child support enforcement obligations.  (*Id.* at 5, 8, 15).  For relief, Plaintiff seeks an order requiring Defendants to re-open his child support collection case, and that he be paid all past due child support payments, as well as punitive damages.

Mr. Edwards does not re-assert the allegations of the original Complaint in the Amended Complaint.[2]  Instead, he alleges why the two new Defendants, Ternes and Alshami, are responsible for the administrative closure of his child support collections case.  He further alleges that the closure of his case deprived him of his entitlement to receive the court-ordered child support payments from Ms. Jones because the state court entered a restraining order against him which prevented him from engaging in his own collection efforts.  Plaintiff further states that his child was 19 years old at the time the state agencies closed his case administratively, which is beyond the age when child support payments are ordered, so that he is only entitled to child support payments for the five years preceding the administrative closure.

## II. § 1983 Claims

---

[2]The Court has construed the original Complaint and the Amended Complaint together for purposes of this Order.  The Court notes however, that an Amended Complaint typically supersedes an original Complaint and becomes the controlling pleading in the case.  *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir.2007) ("[A]n amended complaint super[s]edes an original complaint and renders the original complaint without legal effect.") (internal quotation marks omitted)).

### A.  Standing

The Court first considers the issue of Mr. Edwards' standing to pursue his § 1983 claims. *See Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009) ("[S]tanding is a component of this court's jurisdiction, and we are obliged to consider it sua sponte to ensure the existence of an Article III case or controversy."). To possess Article III standing, a plaintiff must "establish (1) that he or she has suffered 'an injury in fact'; (2) that the injury is 'fairly traceable to the challenged action of the defendant'; and[ ](3) that it is 'likely' that the injury will be redressed by a favorable decision." *Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012) (quoting *Ariz. Christian Sch. Tuition Org. v. Winn*, ___ U.S. ___, 131 S.Ct. 1436, 1442 (2011) (other internal quotations omitted)).

In Colorado, the inherent right to child support belongs to the child, but is enforceable by the custodial parent, acting on behalf of the child.  *See In re Marriage of Murray,* 790 P.2d 868 (Colo. App. 1989) (citing *McQuade v. McQuade*, 358 P.2d 470, 472 (1960)).  Once a child attains nineteen years of age, the non-custodial parent's obligation to pay child support terminates.  *See* COLO. REV. STAT. (C.R.S.) § 14-10-115(1.5)(a).  *See also In Re Marriage of Johnson*, ___, P.3d ___, 2014 WL 5370023, at *2  (Colo. App. 2014) ("[A]pplying the plain language of the statute, as we must, because the parties' last child under their 1983 child support order turned nineteen on July 17, 1995, father's child support obligation terminated on that date).

Mr. Edwards alleges in the Amended Complaint that his child was 19 years old at the time the state agencies administrative closed his child support collection case. Notwithstanding, relevant case law suggests that Plaintiff has standing to pursue an action for past due child support. *See Zimmerman v. Starnes,* 35 B.R. 1018, 1022 (D.

Colo.1984) (concluding that under California and Colorado law, the right to receive back child support belongs to the child and not to the custodial parent, even though the custodial parent may seek to enforce that right in the child's name); *In re Marriage of Paul*, 978 P.2d 136, 139 (Colo. App. 1998) (recognizing that "'unlike the rights to current and future support which belong to the child, a claim for reimbursement of past-due support belongs to the person who provided that support'") (quoting *State ex rel. Utah State Department of Social Services v. Sucec*, 924 P.2d 882, 886 (Utah 1996)). *Accord Stanton v. Stanton*, 421 U.S. 7, 11, 12 (1975) (concluding that where the right to past due child support payments belongs to the custodial parent, and not the child, the custodial parent has standing to sue for payments that accrued before child reached the age of 21, even if child was over 21 at the time suit was filed).

Accordingly, the Court will review the merits of Mr. Edwards' § 1983 claims against the Defendants.

### B. Merits of § 1983 Claims

#### 1. Defendants' Liability in their Official Capacities

Mr. Edward purports to sue the Defendants, in their official capacities, for what he characterizes as "p[ro]spective injunctive relief." (ECF No. 12, at 33). Official capacity claims against state officials, for prospective injunctive relief, are not barred by the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes."). However, the injunctive relief requested by Plaintiff is to remedy past wrongs, rather than an ongoing violation of

federal law.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)

("Determining whether a request for injunctive relief is prospective requires a

"straightforward inquiry into whether [the] complaint alleges an ongoing violation of

federal law and seeks relief properly characterized as prospective.")  (Internal quotation

omitted).  As such, the individual Defendants, sued in their official capacities, are

immune from suit under the Eleventh Amendment. *See Ellis v. Univ. of Kan. Med. Ctr.,*

163 F.3d 1186, 1196 (10th Cir.1998) (recognizing that Eleventh Amendment immunity

applies not only to suits against states, but also to damage suits brought against state

officials in their official capacities); *Buchheit v. Green*, 705 F.3d 1157, 1159 (10ᵗʰ Cir.

2012) (concluding that plaintiff's allegations, which sought to address alleged past

harms, rather than to prevent prospective violations of federal law, did not fall into the

*Ex Parte Young* exception to Eleventh Amendment immunity)*.*

### 2.  Defendants' Liability in their Individual Capacities

To hold the individual Defendants liable under § 1983, in their individual

capacities, Mr. Edwards must allege facts to show that each Defendant was personally

involved in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  For

the supervisor Defendants, there must be an affirmative link between the alleged

constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations

and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir.

2010).  A supervisor can only be held liable for his own deliberate intentional acts.  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455

F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their

own culpable involvement in the violation of a person's constitutional rights."); *see also*

*Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not

recognize a concept of strict supervisor liability; the defendant's role must be more than

one of abstract authority over individuals who actually committed a constitutional

violation.").

### a.  due process

Plaintiff asserts that the individual Defendants violated his Fourteenth

Amendment due process rights by failing to comply with state statutes and rules that

require the agencies to locate, enforce, and collect and distribute child custody

payments ordered by the court.

The Fourteenth Amendment protects citizens from the deprivation of "life, liberty,

or property, without due process of law . . . " U.S. Const. amend. XIV, § 1.  An individual

generally must be provided some kind of process before he is deprived of one of these

protected interests. *Bd. of Regents of State Colleges. v. Roth*, 408 U.S. 564, 569-70 &

n. 7 (1972); *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014).   "To have a

property interest in a benefit, a person clearly must have more than an abstract need or

desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate

claim of entitlement to it." *Roth*, 408 U.S. at 577.  Such entitlements are defined by state

law. *Id.*; *Ribeau v. Katt*, 681 F.3d 1190, 1994 (10th Cir. 2012).  "A property interest

must be specific and presently enforceable."  *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d

1559, 1569 (10th Cir. 1993).

Mr. Edwards, as the custodial parent, may have a protected property interest in

the enforcement of a state court order against the non-custodial parent for the payment

of back child support. *See Hill v. Ibarra*, 954 F.2d 1516, 1524 (10th Cir. 1992).

However, Plaintiff does not allege any facts to show that the individual Defendants have

precluded or impeded him from collecting the support payments to which his child is

entitled. *See id.* (rejecting due process claim brought by child support obligee against

social services agency because the defendant had not done anything to interfere with

the obligee's collection rights).  Mr. Edwards complains that the state agencies have

failed to locate, and collect payments from, Defendant Jones, but he does not allege

that the State Agency Director Defendants have prevented him from engaging in his

own collection efforts.  *See*, *e.g.*, *People in Interest of D.C.*, 797 P.2d 840, 844 (Colo.

App. 1990) (rejecting child support obligee's due process claim because "the

Department's actions in seeking to collect arrearages did not deprive petitioner of her

right to receive current support nor did they substantially impair her ability to collect

such support. . . . Petitioner was free to seek her own wage assignment which would

have taken priority over that of the Department.").  The fact that the state court issued a

restraining order against Mr. Edwards prohibiting him from having contact with Ms.

Jones does not tend to show Plaintiff was without any legal remedy to enforce and

collect past due child support, or that the Defendants imposed any burden on his

collection rights.

Plaintiff also claims a protected property interest pursuant to the provisions of

state statutes. In order for a statute to create a constitutionally protected liberty or

property interest, it must contain "'explicitly mandatory language' that links 'specified

substantive predicates' to prescribed outcomes." *Miller v. Crystal Lake Park Dist.*, 47

F.3d 865, 867 (7th Cir.1995) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 and n. 5 (1995)).

Mr. Edwards' reliance on the provisions of the Colorado Child Support Enforcement Act, §§ 26-13-101, *et seq.*, C.R.S. (2014), is misplaced because the statute does not require the state agencies to locate non-custodial parents and to collect child custody payments. *See generally* § 26-13-107, C.R.S. Instead, it merely provides for the establishment of such support services and the means available for collecting custody payments. *Id.* Plaintiff's reliance on other state statutes is equally unavailing. *See* § 14-5-308, C.R.S. (authorizing Colorado Attorney General to order state support enforcement agency to perform its statutorily-prescribed duties); § 14-5-207, C.R.S., (determination of controlling child support order). As such, Plaintiff does not appear to have a legitimate claim of entitlement under Colorado statutory law in having the non-custodial parent located for the purpose of securing court-ordered child support payments. *See Thompson*, 490 U.S. at 462 (where state statute does not direct that "a particular outcome must follow," it cannot give rise to a constitutionally-protected liberty interest).

In sum, the Court finds that Plaintiff fails to state an arguable due process claim against the Defendants.

### b. Title IV-D of Social Security Act

Title IV–D of the Social Security Act, 42 U.S.C. §§ 651–669b, establishes requirements with which participating state-run, child-support-enforcement programs must comply in order to receive federal funding. *See Blessing v. Freestone*, 520 U.S.

329, 333-35 (1997); *see also* 42 U.S.C. § 651 (Title IV-D creates a child support enforcement program "to enforce support obligations owed by absent parents, establish paternity, and [to obtain] child and spousal support."). The implementing regulations require that the state's IV–D agency attempt to locate the absent parent or assets or other sources of income within 75 days of determining that location is necessary. 45 C.F.R. § 303.3(b)(3). It is unclear whether Title IV-D is implicated by Plaintiff's allegations. To the extent Title IV-D is at issue, Mr. Edwards cannot pursue a § 1983 claim for violation of that statute, or its implementing regulations.

In *Maine v. Thiboutot*, the Supreme Court determined that § 1983 safeguards certain rights conferred by federal statutes, as well as federal constitutional rights. 448 U.S. 1, 4 (1980). However, the plaintiff must assert the deprivation of a federal right, not just the violation of a federal law. *Blessing*, 520 U.S. at 340.

In *Blessing*, five mothers whose children were eligible to receive child support services from the State of Arizona brought a § 1983 suit based on the State's violation of Title IV D of the Social Security Act. The plaintiffs alleged that they had an enforceable individual right to have the State achieve "'substantial compliance'" with Title IV-D's requirements. 520 U.S. at 332-33. The Supreme Court held that the plaintiffs did not have an individual right federal right under Title IV-D that is enforceable under § 1983. 520 U.S. at 340-43. The Court stated:

> Far from creating an individual entitlement to services, the standard
> [substantial compliance with the statute] is simply a yardstick for the
> Secretary to measure the systemwide performance of a State's Title IV–D
> program. Thus, the Secretary must look to the aggregate services
> provided by the State, not to whether the needs of any particular person
> have been satisfied. . . .

520 U.S. at 343.

In *Blessing*, the Supreme Court did "not foreclose the possibility that some provisions of Title IV-D give rise to individual rights . . . . "  520 U.S. at 345.

Although the Tenth Circuit has not addressed the issue, two Circuit Courts of Appeal have rejected § 1983 claims by child support obligees to enforce specific provisions of Title IV-D and its implementing regulations.  *See Clark v. Portage County, Ohio,* 281 F.3d 602, 604-05 (6th Cir. 2002) (holding that plaintiff did not have an individual right to enforce the provisions of 42 U.S.C. § 654(4)(B) and (8) (providing that the state will enforce a child support obligation and "use all sources of information and available records" to locate the non-custodial parent); 45 C.F.R. § 303.3 (setting forth guidelines that states must employ to locate non-custodial parent); and, 45 C.F.R. § 303.6 (stating that a state must maintain and use an "effective system" in enforcing payment obligations)); *Cuvillier v. Taylor*, 503 F.3d 397, 405 (5th Cir. 2007) (agreeing with *Clark* that "the simple lack of effectiveness by a state in enforcing support obligations does not alone give rise to an individual right [of enforcement under Title IV-D].").

In the present action, Mr. Edwards relies on the same provisions of Title IV-D and its implementing regulations that have been found not to create a private right of action under § 1983.  Accordingly, he cannot pursue a claim based on alleged violations of Title IV–D of the Social Security Act.

**III.  Orders**

For the reasons discussed above, it is

ORDERED that the § 1983 claims are DISMISSED WITH PREJUDICE pursuant

to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any pendent state law claims, pursuant to 28 U.S.C. § 1367(c)(3).  Mr. Edwards may seek relief in the state courts.  It is

FURTHER ORDERED that leave to proceed in forma pauperis is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Edwards files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 15, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court